**Gene Thomas REEVES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–74–761.**

Court of Criminal Appeals of Oklahoma.

May 13, 1975.

Bill Pipkin, Moore, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Jahn D. Rohrer, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

Appellant, Gene Thomas Reeves, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Cleveland County, Case No. CRF–74–108, for the offense of Attempted Rape, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 44. His punishment was fixed by jury at a term of twenty (20) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

We do not deem it necessary to recite the statement of facts inasmuch as this case must be reversed.

The defendant raises thirteen assignments of error for reversal. In this case, we need only review one.

Defendant's fourth proposition asserts the trial court committed error in giving Instruction No. 2 whereby an instruction was given the jury on attempt to commit a crime. The instruction of which the defendant complains was given as follows:

"A person is guilty of an attempt to commit a crime if he acts with the intent otherwise required for the commission of the crime which causes a particular result or belief that it will cause such result, without further conduct on his part."

The defendant's contention is essentially that the instruction on attempt is vague and indefinite and thus incorrect in the statement of Oklahoma law and as a result the jury was allowed to guess and speculate as to the meaning of said instruction. Defense counsel objected to this charge to

the jury, said objection being overruled with exceptions allowed. We feel the exceptions were well taken..

For an appreciation of the sufficiency of the instruction as a whole, this instruction must be evaluated in light of Instruction No. 4, and especially part 4 of said instruction wherein it states:

"The burden is on the State of Oklahoma to prove beyond a reasonable doubt that:

"1. The defendant Gene Thomas Reeves,

"2. In Cleveland County, State of Oklahoma,

"3. On or about the 22nd day of February, 1974,

"4. Did unlawfully and feloniously attempt an act of sexual intercourse,

"5. Upon Myrna Marrilee Mathis, a female under sixteen (16) years of age, not his wife, by force and against her consent.

"If you find from your consideration of all the evidence that each of these elements have been proved beyond a reasonable doubt, it is your duty to find the defendant guilty and so state by your verdict.

"On the other hand, if you find from your consideration of all the evidence that any one or more of those elements have not been proved beyond a reasonable doubt, you must find the defendant not guilty and so state by your verdict."[1]

The trial court, in Instruction No. 2, attempted to charge the jury in the language of 21 O.S.1971, § 44, which states:

" A person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for commission of the crime, he:

"(a) purposely engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be; or,

"(b) when causing a particular result in an element of the crime, does anything with the purpose of causing or with the belief that it will cause such result, without further conduct on his part."

Had the trial court instructed the jury on the statute in its entirety, we feel that further explanation of attempt to commit a crime would have been unnecessary.

In the instant case, the jury's determination of whether or not the State had proven the defendant guilty beyond a reasonable doubt must have been reached by considering each element of the alleged offense as set forth in Instruction No. 4. The jury in their deliberations had to refer to Instruction No. 2 wherein attempt was defined, otherwise each element of the offense would not have been fully considered. Also, the trial judge should have referred to Hall v. State, 67 Okl.Cr. 330, 93 P.2d 1107, 1118 (1939), for a discussion on the elements of attempted rape.

However, the instruction on attempt in the instant case was a fatal modification of the statute. We fail to see how the in-

---

1. The only other instructions given the jury in the first stage of the trial are as follows in Instruction No. 1:
   "Members of the Jury, the defendant in this case is charged with having committed the crime of attempted rape in this county on the 22nd day of February, 1974. The defendant entered a plea of not guilty.
   "The filing of this charge does not indicate that the defendant is guilty of anything. Law presumes a defendant innocent until proven guilty beyond a reasonable doubt by competent evidence in a fair and impartial trial.
   "You are to determine from the evidence presented in this trial, under these In-

structions, whether the defendant's guilt of the crime charged has been proven beyond a reasonable doubt. To make such determination, use the common sense of each juror, for you are the only judges of the believability of the witnesses and the weight and credit to be given the testimony of each. Instruction No. 3:
   "Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, where the female is under the age of sixteen (16) years or where she resists but her resistance is overcome by force and violence."

structions in the best light, could have sufficiently informed the jury on the applicable and necessary law to decide the case. We feel that the jury could not have understood what was intended by the giving of such erroneous instructions.

In Woodruff v. State, 74 Okl.Cr. 289, 125 P.2d 211 (1942), and on many occasions, we observed the general rule of law that:

"The policy of the law is that all persons shall have a fair and impartial trial. It cannot be said that a fair and impartial trial has been had unless the jury has been properly instructed as to the law of the case; and where the instructions do not fully present all the material issues raised, a judgment of conviction will be set aside. Miles v. State, 41 Okl.Cr. 283, 273 P. 284."

We feel the instructions given in the instant case failed to instruct clearly and adequately upon the applicable law in Oklahoma. We hold that such a failure constitutes a denial of a fair and impartial trial which must be afforded every defendant in our criminal justice system.

For the above stated reasons, this case is reversed and remanded for a new trial.

BRETT, P. J. and BUSSEY, J., concur.